927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WILLIAMS, Plaintiff/Appellant,
v.
Leanne PATE, Defendant/Appellee.
 No. 90-2045.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1991.*
Decided Feb. 28, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis, Division, No. 88 C 3615, Gerald B. Cohn, Magistrate Judge.
 S.D.Ill.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James E. Williams, an inmate at Menard Correctional Center, appeals the district court's grant of summary judgment in favor of the defendant in his 42 U.S.C. Sec. 1983 action alleging denial of access to the courts.[1] Williams seeks injunctive relief and monetary damages. We affirm.
 
 
 2
 Williams alleges that he sent two typed appellant's reply briefs via prison mail to the defendant, a Menard library employee, for photocopying. Williams further alleged that the defendant intentionally failed to make and return to him the requested copies of the briefs, thereby causing him to miss the reply brief filing deadlines in his two appeals. Williams contends that Pate deliberately failed to copy and return the reply briefs in order to hinder Williams from pursuing his appeals against her co-workers. There is no evidence in the record of Pate's suggested motivation for failing to meet Williams' request.
 
 
 3
 The government filed a motion for summary judgment supported by affidavits, memorandum, and exhibits alleging that Williams failed to demonstrate the defendant's personal involvement in or direct responsibility for the alleged constitutional violation. In defendant's affidavit she states that she never received Williams' briefs or the requests for photocopying by institutional mail or other available means. The government further contended that Williams never alleged that Pate actually received the briefs, nor could he prove by affidavit or otherwise that she received the briefs. Thus, the government argued that no genuine issue of material fact existed for trial regarding the defendant's personal responsibility for the alleged constitutional violation.
 
 
 4
 In response to the defendant's motion for summary judgment, Williams submitted his own affidavit stating that he sent the defendant reply briefs for two separate cases and written requests that they be photocopied by a specified date. Williams attached copies of the two written requests that he sent to Pate. Additionally, Williams submitted a letter, written by Menard's Assistant Coordinator of Inmate Issues, responding to his inmate grievance claim regarding the defendant's alleged failure to photocopy and return the briefs presently at issue. The relevant portion of the letter states: "The issue of the appeals brief not being returned to you was found to be incorrect as the appeals brief was returned to you, according to institutional reports." Although the letter does not specifically mention either of the briefs at issue, Williams' grievance explicitly referred to the two briefs at issue. Williams argues that this letter in conjunction with his grievance creates an inference that the defendant received the reply briefs, thus a material question of fact exists precluding summary judgment.
 
 
 5
 The district court granted defendant's motion for summary judgment reasoning that no material question of fact existed regarding defendant's involvement in the alleged violation. It noted that Williams could not establish that the defendant actually received the briefs merely by showing that he mailed them to the defendant. The district court concluded that Williams' evidence at best established a case of negligence in which the briefs were lost by unknown persons.
 
 
 6
 This court reviews de novo the district court's decision to grant summary judgment. Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir.1990). Summary judgment is proper if there is no evidence to establish an essential element of the non-movant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether a material dispute of fact exists, we review the record and all reasonable inferences in the light most favorable to the non-movant. Randle v. LaSalle Telecommunications Inc., 876 F.2d 563, 567 (7th Cir.1989) (citation omitted).
 
 
 7
 The court has examined the pleadings, affidavits, and other exhibits and concludes that the district court properly granted summary judgment. Individual liability under Section 1983 is predicated on a showing of personal involvement in or responsibility for the alleged constitutional violation. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986), citing Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983). Here, even when viewing the record in the light most favorable to Williams and under the liberal construction accorded to pro se litigants, there is nothing in the record suggesting that the defendant actually received the briefs and intentionally failed to comply with Williams' request.
 
 
 8
 Although the response to Williams' grievance may create the inference that the library or some other staff member received at least one of Williams' briefs, it does not create a material issue of fact as to whether the defendant actually received the briefs. The letter mentions an "appeals brief", but it does not refer to the defendant in connection with that brief. Moreover, Williams' other evidence such as his affidavit stating that he sent the briefs to the defendant for photocopying also does not contradict the defendant's affidavit that she never received the briefs. Finally, there is no other evidence in the record from which one could infer a connection between the defendant and the alleged violation. Thus, the district court's grant of summary judgment was proper.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The plaintiff filed a motion for appointment of counsel. Considering our disposition in this case and the factors set forth in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981), appointment of counsel is not warranted in this appeal
 
 
 [2]
 In light of this court's finding that summary judgment was proper without relying on the court deadline book and the photocopy log mentioned in the defendant's affidavit, discussion of Williams' hearsay argument regarding this evidence is unnecessary